Judge; Mills
delivered the opinion.
This case has been twice before in this court. See 2. Marsh. 214. On the return thereof to the court below, for the purpose of ascertaining rents, waste and improvements, according to the directions of the decree of this cfturt, commissioners were appointed, who reported their assessment, which was set aside on motion of tbe present appellants. New commissioners, with only one of the old ones, were appointed by consent of tbe parties, who reported still more unfavorable to tbe appellants. A motion was made to set aside this report also, and was overruled by the court, and a decree entered for a balance in favor of the appellees, from which this appeal is prayed.
We have not thought it necessary to travel into the exceptions to this report in detail, most of which are wholly unfounded in fact and law. Oae or two will, however, be Evidence, of witnesses, was introduced, con-to shew that the rents were valued somewhat too —and the price of improving too low, and that the waste and damage was not as great as tbe report. Other witnesses were introduced to rebut this, and it appeared that the commissioners acted upon their own view, as well as abundant testimony before them. As no improper motives were shown to have actuated the commissioners, or that they were operated upon or influenced to do injustice, wc cannot set aside their report, on testimony secompara-lively weak, when opposed to their report and their supe-nor opportunity, by viewing tbe subjects of assessment uP°n l^ls §roun<I" If ⅛6 opinions of three or four witnesses price or valuation, which is matter of opinion, were to be allowed to affect the report of commissioners, where na partiality or bias was shewn, but few reports would stand. Tbe case must be a clear one which would authorize tbe interposition of the ceurt, where the commissioners bad acted conscientiously, and made no mistake in matters of *503 law, of in the subjects of valuation. Against the evidence in this case we conceive the report itself has the decided preponderance, and the court did right in overruling it.
Where both parties ctuim title under the same patent, damages for waste should be allowed during the whole occupancy.
Haggin, for appellants, Clay, for appellees.
The report expresses a sum for waste and injury to the soil previous to suit brought, which was excepted to.-— One of the commissioners deposed that this was an error in drafting the report, as he remembered nothing said on that subject. We have not thought it necessary to decide whether it was competent for the commissioner thus to correct the report; for it does not appear when the waste or injury was committed, altbo’ it is evident that much was done on the land ; and by the directions given by this court, all the waste or injury by reduction of soil, during occupancy, was allowed to be taken into |the account, and no restriction was imposed, as to the time, when suit was brought. The question then, as to the correction of the report by the commissioner, when sworn to depose ore terns, is wholly immaterial, and we cannot say that the rights of the appellants were affected by it, and we discover no error in the decree of the court below.
It is therefore affirmed with damages and costs.